

**AlaFile E-Notice**

02-CV-2017-901494.00

To: HMT LLC F/K/A HMT, INC.
C/O CORPORATION SERVICE
641 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

AMERICAN TANK & VESSEL V. HMT LLC F/K/A HMT, INC.
02-CV-2017-901494.00

The following complaint was FILED on 6/6/2017 4:45:19 PM

Notice Date:   6/6/2017 4:45:19 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 |  **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>**02-CV-2017-901494.00** |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### AMERICAN TANK & VESSEL V. HMT LLC F/K/A HMT, INC.

**NOTICE TO:** HMT LLC F/K/A HMT, INC., C/O CORPORATION SERVICE 641 S. LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JOSEPH CRAIG CAMPBELL

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. BOX 123, MOBILE, AL 36601

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of AMERICAN TANK & VESSEL pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 6/6/2017 4:45:19 PM | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ JOSEPH CRAIG CAMPBELL
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C938
205 Government Street
Mobile, Alabama 36644-2938

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,
*(Name of Person Served)*     *(Name of County)*

Alabama on _____.
*(Date)*

_____     _____     _____
*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____     _____
*(Server's Printed Name)*     *(Phone Number of Server)*

ELECTRONICALLY FILED
6/6/2017 4:45 PM
02-CV-2017-901494.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>02-<br>Date of Filing: 06/06/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### AMERICAN TANK & VESSEL v. HMT LLC F/K/A HMT, INC.

**First Plaintiff:** ☑ Business ☐ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER
R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** CAM074      6/6/2017 4:45:06 PM    /s/ JOSEPH CRAIG CAMPBELL
                                    Date                  Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED



ELECTRONICALLY FILED
6/6/2017 4:45 PM
02-CV-2017-901494.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| AMERICAN TANK & VESSEL, INC., § | | |
| *Plaintiff* § | | |
| § | | CIVIL ACTION NO.: CV-17-_____ |
| V. § | | |
| § | | |
| HMT LLC F/K/A HMT, INC., § | | |
| *Defendant* § | | |

## COMPLAINT

COMES NOW, American Tank and Vessel, Inc. ("ATV"), and files this Complaint against HMT LLC f/k/a HMT, Inc. ("HMT"), and in support thereof would respectfully show unto the Court as follows:

### I. PARTIES

1. Plaintiff ATV is an Alabama corporation with its principal place of business in Mobile, Alabama.

2. Defendant HMT is a Delaware limited liability company with its principal place of business in Harris County, Texas. HMT may be served through its Registered Agent in the State of Alabama, Corporation Service Company, LLC, 641 South Lawrence Street, Montgomery, Alabama 36104.

### II. JURISDICTION AND VENUE

3. This Court has subject matter and personal jurisdiction over this action and the parties. The subject matter in controversy is within the jurisdictional limits of this Court. This Court has general personal jurisdiction over HMT because HMT has regularly conducted business in Alabama, and purposely availed itself of the benefits of doing business in Alabama. This Court also has specific jurisdiction over HMT by agreement. The Purchase Order controlling the

transaction made the basis of this suit provides that HMT "irrevocably submits to the jurisdiction of the courts of the County of Mobile, State of Alabama . . . ."

4. Venue is mandatory in Mobile County, Alabama. The Purchase Order between the parties provides that it "shall be construed in accordance with the laws of the State of Alabama," and "[HMT] agrees that any action relating in any way to this order may only be commenced and prosecuted in the courts, whether federal or state, serving the County of Mobile, State of Alabama . . . ."

### III. FACTS

5. ATV designs, shop fabricates, and field erects tanks, vessels, and hydrocarbon terminals. On September 26, 2013, ATV, as contractor, was hired by Delta Terminal Services, LLC ("Delta") to construct a six (6) tank project in Geismar, Louisiana known as the Geismar Methanex Terminal (hereinafter the "Project").

6. In connection with the Project, on February 19, 2014, ATV ordered six (6) floating roof seals from HMT via Purchase Order # 491-0219-46 for $177,225 (the "PO"). The seals consisted of three (3) "Primary" seals known as the HMT standard "Mini Shoe Seals," and three (3) "Secondary" seals known as the HMT low profile "Seal King."

7. Using the installation instructions/drawings provided by HMT, ATV installed the Primary and Secondary seals on three (3) tanks known as 731-A, 731-B, and 731-C. The tanks are identical 196-foot diameter by fifty-foot tall (196'x50') cone roof tanks with bullheaded pan-style internal floating roofs. ATV completed its scope of work related to the Project in the fall of 2014.

8. In December 2016, Delta advised ATV that the Secondary seals on the tanks had prematurely failed. Representatives from ATV, HMT, and Delta subsequently inspected the

COMPLAINT..................................................................................................................................Page 2

seals, and ATV later undertook to repair/replace the seals for its customer, Delta. During the repair/replacement work, ATV required an HMT representative be on-site to monitor the installation and assure compliance with HMT's instructions/drawings.

9. During the repair/replacement work, however, HMT's on-site representative provided additional, previously undisclosed and/or omitted instructions to ATV, which were not otherwise contained in the original installation instructions/drawings. The original installation instructions/drawings were later amended to document the revisions to same.

10. ATV would show that the cause of the premature seal failure was due to HMT's omission of such critical information from its original installation instructions/drawings. Such omissions have caused substantial damages to ATV, as ATV has now been forced to incur substantial costs to repair/replace the seals on the tanks.

11. Additionally, on December 15, 2016, January 23, 2017, and April 25, 2017, Delta has asserted damages of over $3.3 million associated with decommissioning the tanks, removing the product from the tanks, storing the product in off-shore barges, and cleaning the tanks so that the tanks could be investigated and repaired.

12. In light of the claims asserted by Delta against ATV, and because such damages were caused by HMT's defective installation instructions/drawings, on December 13, 2016 and May 8, 2017, ATV demanded that HMT defend and indemnify ATV against Delta's claims pursuant to the terms and conditions of the PO. Section 7(d) of the PO provides:

> [HMT] agrees to defend, indemnify and hold harmless [ATV] from and against all claims, actions, expenses, damages, losses, or costs, including reasonable attorneys' fees, asserted against [ATV] and arising out of or in connection with any actual or alleged breach by [HMT] of any express or implied warranty or other provision of this order, or out of any sale arising therefrom, even if occasioned or contributed to be [ATV]'s actual or alleged wrongdoing.

13. HMT has refused and otherwise failed to abide by its obligation to defend and indemnify ATV from the claims asserted by Delta, which stem from the acts and/or omissions of HMT.

## IV. FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT - INDEMNITY)

14. ATV realleges and incorporates by reference all previous and subsequent paragraphs herein.

15. As set forth above, ATV and HMT entered into a PO which required HMT to defend, indemnify, and hold ATV harmless from all claims arising out of or in connection with any actual or alleged breach by HMT of any express or implied warranty or other provision of the PO, even if ATV is alleged to have contributed by any wrongdoing.

16. Prior to the commencement of this action, ATV provided notice of Delta's claims and demanded HMT defend and indemnify ATV against such claims. Despite HMT's receipt of AT&V's written demands, HMT has refused, and continues to refuse, to defend and/or indemnify ATV against Delta's claims. HMT's failure to abide by the defense and indemnity provision in the PO constitutes a material breach of contract which has caused, and continues to cause, damages to ATV.

## V. SECOND CAUSE OF ACTION
### (COMMON LAW INDEMNITY)

17. ATV realleges and incorporates by reference all previous and subsequent paragraphs herein.

18. The damages asserted by Delta are solely due to the fault and/or negligence of HMT and, but for HMT's acts and/or omissions, ATV would not be responsible for any such damages.

Any liability incurred by ATV is solely derivative of the acts and/or omissions of HMT, and thus HMT is liable for common law indemnity.

## VI.   THIRD CAUSE OF ACTION
### (BREACH OF EXPRESS AND IMPLIED WARRANTIES)

19.   ATV realleges and incorporates by reference all previous and subsequent paragraphs herein.

20.   As provided by the express terms of the PO between the parties, as well as the Uniform Commercial Code (UCC) as adopted by the State of Alabama, HMT warranted that the goods ATV purchased would be free from defects, merchantable, and fit for the particular purpose for which they were required. HMT breached such express and implied warranties. HMT knew the application for which the goods—including the installation instructions/drawings accompanying same—were intended, and ATV actually and justifiably relied on HMT to furnish suitable goods. The goods were defective and unfit for the ordinary and/or particular purpose for which they were intended. ATV notified HMT of the breach within a reasonable time after discovery of the breach, and ATV has suffered, and continues to suffer, injury caused by such breach.

## VII.   FOURTH CAUSE OF ACTION
### (NEGLIGENCE)

21.   ATV realleges and incorporates by reference all previous and subsequent paragraphs herein.

22.   HMT undertook to provide certain goods and services, including the installation instructions/drawings, to ATV in connection with the construction of the Project, and knew, or should have known, that the negligent provision of such goods and services, or failure to exercise

reasonable care in its provision of same, would result directly and proximately in substantial loss and damages to ATV and others.

23.     HMT had a duty to exercise reasonable care in the provision of its goods and services, including the installation instructions/drawings, but breached such duty which has proximately caused damages to ATV.  ATV seeks all damages to which it may be entitled as a result of such breach.

### VIII.    FIFTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

24.     ATV realleges and incorporates by reference all previous and subsequent paragraphs herein.

25.     An actual, judiciable controversy now exists between ATV and HMT.  This Court is vested with the power in this case to declare and adjudicate the rights and legal relationships between the parties to this action with reference to the issues raised by this Complaint.

26.     Given the claims that have been levied by Delta against ATV, which were caused by HMT, ATV asks this Court to determine the rights and obligations between ATV and HMT, and declare that HMT has a duty to defend and indemnify ATV.  Specifically, ATV requests a declaratory judgment that HMT is required to defend and indemnify ATV against all claims asserted by, or damages awarded to, Delta arising from or related to the failure of the Secondary seals purchased by ATV from HMT.

27.     A judicial determination and declaration is necessary and appropriate at this time in order that each of the parties may ascertain their respective rights and obligations, if any, and that they may conduct themselves accordingly now and in the future.

## IX. ATTORNEY'S FEES

28. ATV is represented by the undersigned counsel and, pursuant to the indemnification provision in the PO, is entitled to recover its reasonable attorney's fees against HMT.

## X. CONDITIONS PRECEDENT

29. All conditions precedent have been performed, have occurred, or have been waived.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, American Tank & Vessel, Inc. demands judgment against HMT LLC f/k/a HMT, Inc. in excess of the jurisdictional limits of this Court, for all its general and compensatory damages, interest, costs, and reasonable attorney's fees; for a declaratory judgment determining that HMT LLC f/k/a HMT, Inc. is required to defend and indemnify American Tank & Vessel, Inc. against all claims asserted by, or damages awarded to, Delta Terminal Services, LLC arising from or related to the failure of the Secondary seals purchased by American Tank & Vessel, Inc. from HMT LLC f/k/a HMT, Inc.; and for such other relief, at law or in equity, to which American Tank & Vessel, Inc. may show itself justly entitled.

/s/ *J. Craig Campbell*
Norman M. Stockman (STO064)
J. Craig Campbell (CAM074)
*Attorneys for Plaintiff,*
*American Tank & Vessel, Inc.*
HAND ARENDALL LLC
P. O. Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax: (251) 694-6375
E-Mail: nstockman@handarendall.com
E-Mail: ccampbell@handarendall.com

**HMT LLC f/k/a HMT, Inc. to be served by Certified Mail as follows:**

HMT LLC f/k/a HMT, Inc.
c/o Corporation Service Company, LLC
641 S. Lawrence St.
Montgomery, AL 36104

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

*American Tank & Vessel*

Plaintiff(s)                                        *

vs.                                                 *         CIVIL ACTION NO. CV-17-901494

*HMT SSC FKA HMT Inc*                               *         DATE COMPLAINT FILED 6-6-17

Defendant(s)                                        *

ASSIGNMENT TO EXPEDIATED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)   The date the complaint was filed;

(2) That the issues in the case have been defined and joined;

(3) That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4) That a jury trial has or has not been demanded;

(5) The expected length of the trial expressed in hours and/or days;

(6) A brief description of the plaintiff's claim;

(7) The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8) That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9) That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10) That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

### GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1. EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a. Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b. Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c. Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2. DOCTOR, HOSPITAL AND MEDICAL RECORDS

a. If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b. Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c. The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3. DAMAGES

a. All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b. Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4. AGENCY-TIME AND PLACE-DUTY

a. Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.  **EXPERTS**

a.  Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.  Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.  Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.  Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.  **JURY INSTRUCTIONS**

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.  **JURY SELECTION**

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.  **DUTY TO SUPPLEMENT DISCOVERY**

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.  **MOTIONS GENERALLY**

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10. **CONFLICTS**

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _8th_ day of _June, 2017_.

_____
Presiding Judge, John R. Lockett



**JOJO SCHWARZAUR, CIRCUIT CLERK**
**MOBILE COUNTY - CIVIL DIVISION**
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936



CERTIFIED MAIL

7016 2070 0000 0887 7072

Ha.
06/0./2017
US POSTAGE $006.98

FIRST-CLASS MAIL



ZIP 36644
011E12650227